FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2023

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROWAN W.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:22-CV-3010-JAG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 15. Attorney Tree represents Rowan W. (Plaintiff); Special Assistant United States Attorney Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## I. JURISDICTION

Plaintiff filed an application for benefits on March 19, 2019, alleging disability since March 1, 2019. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Rosanne M. Dummer held a

hearing on December 23, 2020, and issued an unfavorable decision on January 22, 2021. Tr. 26-40. The Appeals Council, which received additional evidence from Plaintiff, denied review on December 13, 2021. Tr. 1-7. Plaintiff appealed this final decision of the Commissioner on January 28, 2022. ECF No. 1.

## II. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## III. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV. ADMINISTRATIVE FINDINGS

Utilizing the five-step disability evaluation process, the ALJ found:

***Step one***: Plaintiff has not engaged in substantial gainful activity from since March 1, 2019.

***Step two***: Plaintiff has the following severe impairment: human immunodeficiency virus (HIV) with peripheral neuropathy, obstructive sleep apnea, and history of deep vein thrombosis.

***Step three***: These impairments do not meet or equal the requirements of a listed impairment.

***Residual Functional Capacity***: Plaintiff can perform medium work, subject to the following limitations: lift/carry 50 pounds occasionally and 25 pounds frequently; sit about six of eight hours and stand/walk six of eight hours; avoid

concentrated exposure to extreme temperatures and vibrations; avoid more than moderate exposure to workplace hazards.

***Step four***: Plaintiff is capable of performing past relevant work as a cashier, and is therefore not disabled.

***Step five***: Alternatively, as there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

## V. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (1) whether the ALJ erred by not properly assessing Listing 3.00 at step three; (2) whether the ALJ erred by discounting Plaintiff's testimony; and (3) whether the ALJ erred by assessing Plaintiff's past relevant work; and (4) whether the Appeals Council erred by declining to remand following the submission of "new and material evidence." ECF No. 13 at 2.

## VI. DISCUSSION

### A. The ALJ Did Not Err at Step Three.

Plaintiff contends the ALJ erroneously failed to assess Plaintiff's obstructive sleep apnea as meeting or equaling Listing 3.02(C)(3) at step three. ECF No. 13 at 9. Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. at 146 n.5. A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id*. at 1549-50 (quoting 20 CFR § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*,

493 U.S. 521, 530 (1990) (emphasis in original). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett*, 180 F.3d at 1099. *See also Sullivan*, 493 U.S. at 531(to establish equivalency, claimant "must present medical findings equal in severity to *all* the criteria" for the listing).

At step three, the ALJ found the "medical evidence falls short of the criteria" of Listing 3.00, noting "no medical source has mentioned findings equivalent in severity to [its] criteria." Tr. 29. Substantial evidence supports this finding. Contrary to Plaintiff's assertions, the sleep study results on which he relies do not indicate a satisfaction of Listing 3.02(C)(3)'s criteria. *Compare* Tr. 673-75 *with* Listing 3.02(C)(3) *and* Listing 3.00(H)(2) (setting forth requirements for pulse oximetry tests and reports). As noted by the Commissioner, *see* ECF No. 15 at 8-9, the sleep study measured *SaO2*, whereas Listing 3.02(C)(3) specifically requires an *SpO2* measurement. *Compare* Tr. 673 *with* Listing 3.02(C)(3); *see* Listing 3.00(H)(1) (defining SpO2). Because Plaintiff has failed to meet his burden, the Court declines to disturb the ALJ's step three finding.

**B. <u>The ALJ Erred by Discounting Plaintiff's Testimony.</u>**

Plaintiff contends the ALJ erroneously discounted his testimony. ECF No. 13 at 10. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

Plaintiff testified that his ability "to do manual labor and a lot of physical work" has "been greatly diminishing" since his alleged onset date. Tr. 165. Plaintiff testified that muscle spasms have been "progressively getting worse" during the six months prior to the hearing. Tr. 165. Plaintiff testified his neuropathy, which also was "getting progressively worse," "makes it even difficult to walk on some days and even on the days [he] can walk, it's progressed to where it's extremely painful, just to walk." Tr. 166. Plaintiff testified he has "bad days" approximately "50% of the time." Tr. 177.

The ALJ first discounted Plaintiff's testimony as inconsistent with medication providing "'excellent' control" of his HIV condition. Tr. 35. In support of this finding, the ALJ relied on evidence indicating Plaintiff's viral load was undetectable, Plaintiff "retained 5/5 muscle strength," and Plaintiff "had a normal gait without an assistive device." Tr. 35. While the ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995)), the ALJ must still explain how the medical evidence contradicts the claimant's testimony, *see Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ did not do so here.

Rather, the evidence on which the ALJ relied is not inconsistent with Plaintiff's allegations concerning muscle spasms, progressively worsening pain, and the waxing-and-waning of his symptoms. Further, the ALJ "cannot simply pick out a few isolated instances" of medical health that support her conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [his] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Next, the ALJ discounted Plaintiff's testimony as inconsistent with his activities. The ALJ found Plaintiff "worked on gutters," "chopped wood," "buil[t] a retaining wall," and "stayed active by doing household chores and yardwork." Tr. 35. However, Plaintiff explicitly testified that he is, at times, unable to perform these minimal activities because of his impairments. Tr. 175. In any event, these minimal activities do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Nor do Plaintiff's minimal activities "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Third, the ALJ discounted Plaintiff's testimony on the ground Plaintiff stopped working for a "non-disability reason." Tr. 35. Specifically, the ALJ found Plaintiff "said he was terminated in February 2019 for attendance issues related to not hearing his alarm clock[.]" Tr. 35. The ALJ further found "no evidence shows significant hearing problems." Tr. 35. However, Plaintiff never alleged hearing problems caused or otherwise contributed to his failure to hear the alarm clock. Rather, Plaintiff alleged sleep problems contributed to his attendance issues and, in turn, termination. While an ALJ may discount a claimant's testimony due to

evidence of self-limitation and lack of motivation, *see Osenbrock v. Apfel*, 240 F.3d 1157, 1165-67 (9th Cir. 2001), there is no evidence of either here. The ALJ thus erroneously relied on an unreasonable inconsistency and unsupported finding to discount Plaintiff's testimony and, accordingly, erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ discounted Plaintiff's testimony on the ground Plaintiff "received unemployment compensation, indicating he was ready, willing, and able to work." Tr. 35. Substantial evidence does not support this finding. The "receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime[.]" *Carmickle*, 533 F.3d at 1161-62. However, "the record here does not establish whether [Plaintiff] held himself out as available for full-time or part-time work. Only the former is inconsistent with his disability allegations. Thus, such basis for the ALJ's credibility finding is not supported by substantial evidence." *Id*. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

**C. <u>The ALJ Erred at Step Four.</u>**

At step four, the ALJ found Plaintiff's work as a cashier was past relevant work. Tr. 37. Plaintiff argues this was error, contending his earnings fell below the substantial gainful activity threshold. ECF No. 13 at 4-5. The Commissioner does not defend the ALJ's finding, averring instead any error was harmless in light of the ALJ's alternative step five findings. ECF No. 15 at 3-4.

The Court disagrees with the Commissioner. Because the ALJ erred by discounting Plaintiff's testimony, and will necessarily need to reassess the RFC on remand, the Court cannot conclude the ALJ's step four error was harmless.

**D. <u>Appeals Council Evidence.</u>**

Because the Court remands the matter on the grounds addressed above, and the ALJ will necessarily consider evidence submitted to the Appeals Council, the Court need not decide whether the Appeals Council erred by declining to remand

the matter based on evidence submitted to it. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall assess the evidence submitted to the Appeals Council and develop the record, as needed; reconsider Plaintiff's testimony; and reevaluate the remaining steps of the sequential evaluation, as appropriate.

## VII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2023.




JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE